

## Fourth Court of Appeals

### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00733-CR

Martin **BALLEZA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2017CR12645
Honorable Frank J. Castro, Judge Presiding

Opinion by:  Patricia O. Alvarez, Justice

Sitting:  Sandee Bryan Marion, Chief Justice
Patricia O. Alvarez, Justice
Luz Elena Chapa, Justice

Delivered and Filed: February 19, 2020

AFFIRMED

Appellant appeals from an order adjudicating his guilt and sentencing him to ninety-nine years and ten years' consecutive confinement for continuous sexual abuse of young children and sexual assault of a child.  He appeals his convictions.  Having reviewed counsel's *Anders* brief, Appellant's pro se brief, and the record, we affirm the trial court's judgment.

### BACKGROUND

Appellant Martin Balleza was charged by indictment in Cause Number 2017CR12645 with two counts: Count I for continuous sexual abuse of young children; Count II for sexual assault of

a child. Balleza pled not guilty, and a jury convicted him on both counts. The court then sentenced Balleza to confinement in the Texas Department of Criminal Justice—Institutional Division for ninety-nine years for continuous sexual abuse of young children and ten years for sexual assault of a child, with the sentences to run consecutively.

Balleza timely filed a notice of appeal. The trial court appointed appellate counsel, and court-appointed counsel filed an *Anders* brief. Balleza filed a pro se brief.

### COURT-APPOINTED APPELLATE COUNSEL'S *ANDERS* BRIEF

Balleza's appellate counsel filed a brief containing a professional evaluation of the record in accordance with *Anders v. California*, 386 U.S. 738 (1967); counsel also filed a motion to withdraw. In the brief, counsel recites the relevant facts with citations to the record.

Counsel reviewed the case and examined the jury selection process, pretrial motions, the outcry hearing, the extraneous offense hearing, business records objections, the voluntariness of Balleza's statements, spousal privilege, the motion for directed verdict, the motion for new trial, and the possibility of ineffective assistance of trial counsel. Based on counsel's review, counsel determined that there are no arguable errors in the trial of this cause and that Balleza's appeal would be frivolous and without merit. *See Nichols v. State*, 954 S.W.2d 83, 85 (Tex. App.—San Antonio 1997, no pet.).

We conclude appellate counsel's brief meets the *Anders* requirements. *See Anders*, 386 U.S. at 744; *see also High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978); *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). Counsel provided Balleza with a copy of the brief and counsel's motion to withdraw, and informed Balleza of his right to review the record and file a pro se brief. *See Nichols*, 954 S.W.2d at 85–86; *see also Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.). Counsel advised Balleza of his

right to request a copy of the record and provided Balleza with a motion to request a copy of the record. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014).

Appellant elected to file a pro se brief. On June 17, 2019, appellant filed a pro se motion requesting access to the appellate record. On August 1, 2019, written notice was filed certifying that a complete copy of the record was sent to appellant. Appellant's pro se brief was due to be filed on September 3, 2019. He filed a motion to extend on September 3, 2019, which was granted. Appellant's pro se brief was then due no later than October 4, 2019. Balleza filed his brief on October 15, 2019. The State filed a waiver on October 16, 2019.

### APPELLANT'S PRO SE BRIEF

Balleza's pro se brief was untimely. We nevertheless review the issue presented.

Balleza raises the issue of a speedy trial violation, since he was arrested in August 2016 and tried in October 2018. The trial record shows that the grand jury indicted Balleza on November 27, 2017, and that trial was originally set for October 1, 2018. It does not reflect that Balleza ever asserted his right to a speedy trial. In fact, Balleza's trial counsel requested a continuance on the first day of trial due to a scheduling conflict with the federal court. The State objected, and the trial went forward as planned. Balleza fails to articulate any prejudice now. *See State v. Munoz*, 991 S.W.2d 818, 825 (Tex. Crim. App. 1999) (citing *Barker v. Wingo*, 407 U.S. 514 (1972)).

Balleza's pro se brief presents no arguable grounds for appeal.

### CONCLUSION

Having reviewed the entire record, the *Anders* brief, and the pro se brief, we conclude that there are no arguable grounds for appeal and the appeal is wholly frivolous and without merit. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

We affirm the trial court's judgments and we grant appellate counsel's motion to withdraw. *See Nichols*, 954 S.W.2d at 85–86; *Bruns*, 924 S.W.2d at 177 n.1.

No substitute counsel will be appointed.  Should Appellant wish to seek further review of this case by the Court of Criminal Appeals, he must file a petition for discretionary review either through a retained attorney or by representing himself.  Any petition for discretionary review must be filed within thirty days from the date of either (1) this opinion or (2) the last timely motion for rehearing or motion for en banc reconsideration is overruled by this court.  *See* TEX. R. APP. P. 68.2.  Any petition for discretionary review must be filed with the clerk of the Court of Criminal Appeals.  *Id.* R. 68.3(a).  Any petition for discretionary review must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure.  *Id.* R. 68.4.

Patricia O. Alvarez, Justice

Do not publish